UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NIMA GHARAVAI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 c 06958 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| AIRWATCH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant AirWatch moves to dismiss [R. 11] the First Amended Complaint. The first argument is that the statements attributed to AirWatch's CEO, John Marshall, during the March 2012 employment negotiations with Plaintiff Nima Gharavi are not actionable as fraud or promissory estoppel. As the Court has noted during prior status hearings, it is *not* accurate that any statement made during an employment negotiation is not actionable. Instead, the dividing line draw by the case law is between factual representations versus predictions, the latter of which are not actionable.

In the First Amended Complaint, here are the categories into which the alleged statements fall:

Paragraphs 11 and 12: the compensation projection of $200,000 and $300,000 are predictions and not actionable as factual representations.

Paragraph 13: the representation that individual quotas, implied to be the then-current quotas, were $375,000 per quarter or $1.5 million annually is a factual representation that can form the basis for a fraud claim.

Paragraphs 14(a)-(c): these are all representations as to the then-current facts, and are actionable. The alleged representations are that sales cycles average 30 to 60 days; deals averaged between $25,000 and $80,000 in total revenue; and the average deal size involved 500-5,000 device licenses.

Paragraph 16: the statement that if Gharavi stayed at AirWatch for six months, he would receive an additional equity stake, is not actionable because of the integration clause in the employment agreement. The integration clause supersedes any prior "terms of employment," and this equity-stake promise would

be a term of employment. Accordingly, this statement is not actionable, either as a fraud or as promissory estoppel. The integration clause also knocks out the promissory estoppel claim in its entirety, because it was not reasonable to rely on employment-term promises that were then superseded by the integration clause. (For the fraud claim, the other factual representations described above are not superseded by the integration clause, which applies only to Gharavi's employment terms, and not to factual representations made during negotiations.) The promissory estoppel claim is dismissed.

AirWatch's arguments against the two statutory claims are rejected. First, discovery is necessary to equip the parties to argue whether AirWatch is subject to the Illinois Wage Payment Act, 820 ILCS 115/1 *et seq.* The case cited by AirWatch involved a placement agency that had placed only four employees in Illinois over five years. AirWatch is not a placement agency, and the parties need discovery to determine the comparability of AirWatch's Illinois presence. For now, the claim survives.

Second, the Illinois Sales Representative Act, 820 ILCS 120/1 *et seq.*, applies to distributers of "product[s]," § 1(3), and the software licenses alleged in the First Amended Complaint readily fit under the plain meaning of the term. AirWatch's argument is exceedingly thin, citing only one case that did not involve the Sales Representative Act and instead concerned a completely different context (whether a broadcast license was property that could be assigned with government permission). So this claim too survives.

ENTERED:

       s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 28, 2014